IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS LAWSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4392 |
| | : | |
| PORTFOLIO RECOVERY | : | |
| ASSOCIATES, LLC, | : | |
|     Defendant. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                   **DECEMBER 4, 2023**

Currently before the Court is an Amended Complaint filed by Plaintiff Thomas Lawson, a self-represented litigant, against Portfolio Recovery Associates, LLC ("PRA"), raising a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.[1] For the following reasons, the Court will dismiss Lawson's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[2]

The gist of Lawson's claims is that PRA reviewed his credit information without a permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.  After granting Lawson leave to proceed *in forma pauperis* in this matter, the Court dismissed his initial Complaint upon statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *Lawson*

---

[1] This is one of three essentially identical lawsuits that Lawson filed on the same date for alleged violations of the FCRA.  See *Lawson v. Midland Credit Mgmt., Inc.*, Civ. A. No. 23-4471 (E.D. Pa.); *Lawson v. Radius Global Solutions, LLC*, Civ. A. No. 23-4472 (E.D. Pa.).

[2]  The facts set forth in this Memorandum are taken from Lawson's Amended Complaint (ECF No. 6) and documents attached thereto.  The Court adopts the pagination supplied by the CM/ECF docketing system.

*v. Portfolio Recovery Assocs., LLC*, No. 23-CV-4392, 2023 WL 8113263, at *1 (E.D. Pa. Nov. 22, 2023).  Specifically, the Court concluded that Lawson's bare-bones Complaint failed to state a plausible claim because, although he clearly sued a debt-collector, and even though collection of a debt is a permissible purpose for obtaining a person's credit report under the FCRA, Lawson's Complaint was "essentially predicated upon an inference that PRA lacked a permissible purpose for reviewing his consumer report because it did not comply with provisions pertaining to credit transactions or other cherry-picked provisions of the FCRA" that did not pertain to debt collection.  *Id.* at *2.  Accordingly, he had only pled facts consistent with potential liability that were insufficient to "nudge" his claim from one that was possible to one that was plausible.  *Id.*

      Lawson was given leave to file an amended complaint in the event he could articulate additional facts that would cure the defects in his claims.  *Id.* at *3.  The Court's Order specifically directed Lawson to "be mindful of the Court's reasons for dismissing the claims in his initial Complaint" when "drafting his amended complaint."  (ECF No. 5 at 1.)  Nevertheless, Lawson returned with an Amended Complaint that is essentially the same as his original Complaint.

      Specifically, Lawson alleges that on October 5, 2023, he reviewed his Experian credit report and learned that PRA "had made unauthorized inquiry(s) and reviewed [his] file without consent under the 'Soft Inquiries'" on August 10 and 12 of 2023. (Am. Compl. at 2.)  Similarly, he reviewed his TransUnion credit report on November 1, 2023, and learned that PRA "reviewed [his] file without consent under the 'Account Review Inquiries'" on May 12, 2023 and October 18, 2023.  (*Id.* at 2-3.)  As with his initial Complaint, Lawson attached to his Amended Complaint copies of the credit reports reflecting these entries, but most of the reports have again

been heavily redacted so the context, including any explanation of the reason for PRA's inquiries, is not clear.  (ECF Nos. 6-1, 6-2.)

Lawson alleges that he never "initiated any transactions with [PRA] nor had an 'account' with [PRA]," that he never "gave written permission" for PRA to obtain his report, and that PRA did not have a court order to review his credit report.  (Am. Compl. at 3-4.)  He therefore concludes that PRA "did not meet the permissible purpose requirements" of the FCRA.  (*Id.* at 3.)  Lawson seeks monetary damages for this alleged statutory violation.  (*Id.* at 4.)

## II. STANDARD OF REVIEW

Since Lawson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Lawson's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Lawson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

"[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions

of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)).  The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A)).  "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Id.* (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).

Similar to the initial Complaint, the factual allegations underlying Lawson's assertion that PRA lacked a permissible purpose to review his credit report are that he did not have a credit account with PRA and that PRA did not have his consent or a court order to review his report. (Am. Compl. at 3-4.)  However, although a credit reporting agency may furnish a consumer's credit report in response to a court order, § 1681b(1), or with the consumer's written consent, § 1681b(2), neither a court order nor consent are required if, as explained above, the entity seeking the credit report has a permissible purpose to do so, which includes debt collection.  Further, § 1681b(c), "authorizes an offeror of credit to access certain information from a consumer's credit report" either with the consumer's consent or "without any prior contact from the consumer in

4

order to extend to the consumer a 'firm offer of credit,'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (*per curiam*), but these provisions would be inapplicable if PRA reviewed Lawson's consumer report in connection with an effort to collect upon an account.

In sum, Lawson has sued PRA, a "debt collector," *see, e.g.*, *Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56, 57 (3d Cir. 2018) (noting that PRA is a debt collector, sued in that class action case for violating the FCRA), for allegedly obtaining his credit report without a permissible purpose. But his Amended Complaint, like his initial Complaint, is essentially predicated upon an inference that "PRA lacked a permissible purpose for reviewing his consumer report because it did not comply with provisions pertaining to credit transactions or other cherry-picked provisions of the FCRA." *Lawson*, 2023 WL 8113263, at *2. Accordingly, the Amended Complaint too, as pled, is conclusory and fails to state a plausible claim. *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) ("[T]he district court properly dismissed Jones's FCRA claim because Jones failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA."); *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012) ("Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)."); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, No. 13-1585, 2015 WL 4967058, at *2 (D. Del. Aug. 19, 2015) (to state a claim in this context, a complaint "'must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff.'" (quoting *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *9

(D.N.J. Sept. 28, 2009))). Lawson simply has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Lawson's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Since Lawson was already given an opportunity to amend the defects in his claims, and since his Amended Complaint essentially restated his original claims, the Court concludes that further attempts to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**